No. 53049.—James G. Biddle Co. et al. *v.* United States, protests 47352–K, etc. (Philadelphia).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 53050.—Bloomingdale Bros., Inc., et al. *v.* United States, protests 52089–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 53051.—Morganite Brush Co., Inc., et al. *v.* United States, protests 54357–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 53052.—Leather Import & Mfg. Co., Inc., et al. *v.* United States, protests 54480–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market

at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 53053.**—The A. W. Fenton Co., Inc. *v.* United States, protests 56714–K and 56715–K (Cleveland).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc. v. United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 53054.**—Adolphe Hurst & Company, Inc. *v.* United States, protest 60058–K (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry involved. The protest was sustained to this extent.

**No. 53055.**—H. J. O. Letcher *v.* United States, protests 112287–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1132). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

APRIL 18, 1949

**No. 53056.**—SUIT 4585.—Border Brokerage Company et al. *v.* United States.—C. D. 1067 affirmed February 1, 1949. C. A. D. 402.